IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

       Plaintiff,

   v.                              Case No. 2:10-cv-0783

Kelly Mason, et al.,                     JUDGE SARGUS
                                         MAGISTRATE JUDGE KEMP

       Defendants.

ORDER

On September 2, 2010, the Magistrate Judge issued a Report and Recommendation recommending that plaintiff Frank C. Brown, Jr.'s motion for a temporary restraining order and/or a preliminary injunction be denied. That motion sought an order that the Court restrain the defendants from taking any action to retaliate against Mr. Brown for having filed this case, including tampering with his legal materials, subjecting him to patdowns or searches, and transferring him during the pendency of the case. Doc. #2. Mr. Brown has filed an objection to that recommendation. For the following reasons, and after a *de novo* review of the objection, the Report and Recommendation will be adopted and Mr. Brown's motion for preliminary injunctive relief will be denied.

As set forth in the Report and Recommendation, Mr. Brown's complaint deals with the alleged denial of access to excess legal materials in 2008 and 2009. Generally, he claims that the defendants interfered with his right of access to the courts and retaliated against him for exercising his constitutional rights.

1

In asking for injunctive relief at the initial stage of this case, Mr. Brown claims that the defendants are continually harassing him because he has sued them.  In an affidavit attached to his objection, he describes, first, five allegedly harassing actions which took place between March 23, 2009 and November 29, 2009, all involving either transfers within or between institutions or the disposition of Mr. Brown's legal materials.  The last transfer resulted in Mr. Brown's being returned to the London Correctional Institution after having been, in his view, illegally transferred from that institution the previous month.

Mr. Brown claims that, once he was returned to London, he "has been subjected to a continuous barrage of harassment by both staff and administration."  Doc. #12, ¶10.  His affidavit describes actions which allegedly took place between September 4, 2010 (after the date of the Report and Recommendation) and September 17, 2010, which actions included the issuance of two conduct reports and a change in his prison work assignment (which he claims was in retaliation for his litigation activity).  Doc. #12, ¶s12-15.  He expresses the fear that once the defendants in this case are served with the complaint, more harassment will take place.  In his initial motion, which was filed on September 1, 2010, he did not describe any allegedly harassing or retaliatory activities which took place subsequent to September 21, 2009.

In his objection to the recommendation that his motion for injunctive relief be denied, Mr. Brown disputes the Magistrate Judge's conclusion that all of the events underlying the motion occurred well before the complaint was filed, and he points not only to the events described in his affidavit but to the fact that he did not get his legal materials back until May 11, 2010.  He does not take issue with the legal standard applied in the Report and Recommendation, which sets forth the familiar four-factor test for preliminary injunctive relief which is reflected in

various decisions of the Court of Appeals, see, e.g., In re Delorean Motor Co., 755 F.2d 1223 (6th Cir. 1985), but he argues that the test was applied incorrectly here, and that the Report and Recommendation's sole reliance on the absence of irreparable injury was improper and did not adequately take into account the other factors enumerated in Delorean, including the likelihood of success on the merits and the balancing of the public and private interests.

Although many of Mr. Brown's factual allegations were not part of the record when the Report and Recommendation was issued, because the Court is conducting a *de novo* review of the issues, it will factor those allegations into its analysis. The record now indicates that Mr. Brown has been subjected to certain actions within the prison setting which, at least in his mind, constitute retaliation, including some events which took place in September, 2010, so that there is some support for his argument that he has been subjected to harassment or retaliation in the past and, as he argues, there is some chance that if he is correct about what happened, it may happen again. On the other hand, the most recent actions he complains of do not appear directly to impact his ability to litigate this case, because they do not involve any confiscation of his legal materials or denial of access to those materials, and any delay in the proceedings which might result from the change in his job assignment (he previously worked in the prison law library) can be addressed in the course of this case by, for example, granting him extensions of time as needed. Thus, although he may have shown that there is a possibility that he will succeed on the merits of his claim that he is being subjected to ongoing harassment, the Court cannot say that this showing rises to the level of a substantial likelihood. Further, the Court agrees that, at this point, he has not shown that any harm from the most recent actions he has described would be irreparable.

Mr. Brown is also incorrect that the relief he seeks would not contravene the public interest. As noted in Fox v. Rodgers, 2009 WL 891719 (E.D. Mich. 2009), any injunction issued against prison officials dealing with the day-to-day operation of the prison system may cause substantial harm to both public and private interests. Searches and patdowns of prisoners have a substantial relationship to prison security, and the Court should not be in the position of directing prison officials to refrain from taking appropriate action involving a single prisoner on the basis of an as-yet unsubstantiated claim that these actions have no purpose other than to harass that inmate. The same is true with respect to intra-institution or inter-institution transfers. These are a routine part of prison operations which are, again, related to security concerns, see, e.g., Walker v. Hughes, 558 F.2d 1247 (6th Cir. 1977), and with which the federal courts should be reluctant to interfere.

Preliminary injunctive relief of the type requested by Mr. Brown is not the norm. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 573 (6th Cir. 2002). The Court concludes that, even based on his additional submission, Mr. Brown has not met that burden. Therefore, his objection (#12) to the Report and Recommendation (#6) is **OVERRULED**, and his motion for a preliminary injunction (#2) is **DENIED**.

**IT IS SO ORDERED.**

Date:  12-13-2010

Edmund A. Sargus, Jr.
United States District Judge

-4-