```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Frank C. Brown, Jr.,          :

        Plaintiff,             :

    v.                         :      Case No. 2:10-cv-0783

Kelly Mason, et al.,           :      JUDGE SARGUS
                                      MAGISTRATE JUDGE KEMP
        Defendants.             :
```

REPORT AND RECOMMENDATION

Plaintiff, Frank C. Brown, Jr., a state prisoner, filed this civil rights action against a number of defendants employed by the Ohio Department of Rehabilitation and Correction at the London, Ohio Correctional Institution, the facility where Mr. Brown is currently housed. Eight of the defendants (all of them except defendants Barbee and Reeves, who appear not to have been served) have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Mr. Brown has opposed that motion and has cross-moved for summary judgment. The defendants have also moved for a stay of consideration of the cross-motion for summary judgment. For the following reasons, it will be recommended that the motion to dismiss be granted.

I. The Complaint

Mr. Brown's complaint is directed to ten defendants, all employees of ODRC. His allegations, fairly summarized, begin with Mr. Brown's transfer to the London Correctional Institution in 2008. He brought with him, or had sent to him from his previous place of confinement, a large volume of legal materials. For a time, he was allowed to store them in various locations, but when defendant Mason became his unit manager in February, 2009, she began to question why he had such a large amount of

material.  On March 23, 2009, she and defendant Gilliam ordered Mr. Brown to remove his excess material from Mason's office, where it had been stored, and when he refused, defendant Gilliam ordered inmate porters to throw it in a trash compactor.  Mr. Brown alleges that after he filed an informal complaint about these actions, he was placed in a disciplinary dormitory.

According to the complaint, several months later, as part of a routine "shakedown" conducted in his dormitory, more of Mr. Brown's legal materials were confiscated, this time by defendants Barbee and Reeves, both corrections sergeants.  He claims that some of it was also thrown away.  He asserts that he filed proper grievances about all of the actions described in the complaint, and that these actions violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  He also pleads a claim for infliction of emotional distress.

## II.  The Motion to Dismiss

The eight defendants who filed the motion to dismiss make eight separate arguments in support of the dismissal of either some or all of Mr. Brown's complaints.  Those arguments are: (1) that the complaint seeks to hold three defendants liable only for supervisory actions; (2) that defendant Blackwell cannot be held liable for his participation in the grievance process; (3) that some of the claims are barred by the statute of limitations; (4) that Mr. Brown has not stated a claim for denial of the right of access to the courts; (5) that the Court lacks subject matter jurisdiction over the state law claim; (6) that the claims against all of the defendants are too conclusory; (7) that Mr. Brown cannot recover compensatory damages because of the absence of any claim of physical injury; and (8) that the defendants are entitled to qualified immunity.

In his response, Mr. Brown clarifies that he has not

attempted to fasten liability to any actions of the defendants which occurred prior to March 23, 2009, so that the statute of limitations does not come into play here. He also claims that the three defendants who raise the defense of lack of supervisory liability did participate in the alleged constitutional violations due to their knowledge of, and implicit approval of, the actions of their subordinates. He also claims that he has pleaded an adequate claim against defendant Blackwell for retaliation, and that his complaint sufficiently states a claim for denial of access to the courts. He also disputes the remaining arguments made in support of the motion to dismiss.

### III.  Discussion

The Court's first task is to determine exactly what type of constitutional violations are fairly alleged in the complaint. As the following discussion shows, it makes some difference here whether the complaint is entirely focused on an alleged deprivation of the First Amendment right of access to the courts, or whether it can also be construed to alleged other types of constitutional claims. The Court is mindful that *pro se* complaints should be construed liberally in favor of the pleader, Haines v. Kerner, 404 U.S. 519 (1972), and that the well-pleaded averments of the complaint (although not the conclusory ones) must be accepted as true for purposes of ruling on a motion to dismiss, see Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).

Certainly, Mr. Brown has attempted to state a claim for denial of access to the courts. For example, in his first, second, fourth, fifth and sixth claims for relief, Mr. Brown alleges that as a result of the defendants' actions, he "has lost his ability to complete his legal filings and proceedings in both state and federal courts ..." He confirms this interpretation in his response to the motion to dismiss, arguing that the

destruction of his legal material affected his direct criminal appeal and also a number of pending civil cases in federal court. Response to Motion to Dismiss, Doc. #18, at 2.  However, his complaint, although it recites in great detail each event surrounding the alleged destruction of his legal materials (even to the point of reciting specific conversations with some of the defendants which occurred more than a year before the complaint was filed), makes no mention of any specific filing he was unable to make in any specific case, nor any specific prejudice, in terms of either delay or dismissal of any particular case, that he suffered as a result of the alleged destruction of these materials.

    Mr. Brown has filed other cases in this Court in which he has also contended that different actions taken by different defendants infringed on his right of access to the courts.  For example, in <u>Brown v. Hurwood</u>, Case No. 2:10-cv-880 (S.D. Ohio), Mr. Brown claimed that the denial of access to the law library and the lack of training in legal procedures led to a denial of this same constitutional right.  In a Report and Recommendation filed in that case, <u>Brown v. Hurwood</u>, Case No. 2:10-cv-880 (S.D. Ohio December 3, 2010), this same Magistrate Judge recommended dismissal of the complaint because of the absence of any specific facts contained in the pleading about what cases were dismissed or what other prejudice Mr. Brown suffered in attempting to access the courts.  That recommendation was based on the recent Supreme Court decisions in <u>Iqbal</u> and <u>Twombly</u>, cited above, which stand for the propositions that a complaint, in order to be sufficient under Fed.R.Civ.P. 8(a), must plead enough facts to allow the Court to determine if the complaint states a plausible claim for relief, and that the reviewing court is not required to give any credence to claims that are pleaded in entirely conclusory fashion, such as those which contain a mere recitation

of the legal elements of a claim without any supporting facts.

As far as Mr. Brown's access to the courts claim is concerned, his complaint in this case suffers from exactly the same deficiencies as the complaint in the Hurwood case. Although, in the response to the motion to dismiss, he mentions for the first time an alleged impact on his criminal appeal, the complaint is not that specific. General allegations that the alleged confiscation or destruction of some (but not all) of an inmate's legal material has had some unspecified impact on the inmate's unspecified legal proceedings are simply not enough, under Iqbal and Twombly, to state a plausible claim for relief. The allegations in those cases, particularly Iqbal, were considerably more detailed but were still found insufficient. As a result, largely for the same reasons that dismissal was recommended in Hurwood, the Court recommends dismissal of any First Amendment right of access to the courts claim here.

This recommended disposition largely eliminates the need to address defendants' other arguments. One claim which does not appear to have a federal constitutional foundation is the state law claim for infliction of emotional distress, but that claim is, as defendants correctly point out, barred by state law immunity because the Ohio Court of Claims has not determined that any of the defendants acted manifestly outside the scope of their employment. Mr. Brown appears to concede that individual capacity claims against the defendants are barred by immunity, see Grooms v. Marshall, 142 F.Supp. 2d 927 (S.D. Ohio 2001), but argues that official capacity claims are not precluded. However, official capacity claims against state officials are the equivalent of claims against the state itself, and these are barred by the Eleventh Amendment. Kentucky v, Graham, 473 U.S. 159 (1995). Consequently, the complaint does not state a viable claim under Ohio law.

-5-

It is unclear what remains.  The various claims for relief do recite both that Mr. Brown has suffered an infringement of his right to access the courts and that he has suffered other injuries including emotional distress and out-of-pocket expenses. Although an inmate may not generally recover solely for emotional distress without an accompanying physical injury, see 42 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"), this is only a limitation on remedies, not a basis for dismissing a constitutional claim altogether.  Consequently, "[i]f a plaintiff claims violations of constitutional or statutory rights, this section does not bar claims for money damages."  Rupe v. Cate, 688 F.Supp. 2d 1035, 1044 (E.D. Cal. 2010).  Thus, if the complaint can fairly be read to state some First Amendment claim other than denial of access to the courts, it may not be subject to dismissal either on grounds applicable to access to the courts claims or to state law claims, and that may require the Court to examine the other bases for dismissal advanced by the defendants.

In his complaint, Mr. Brown claims that he was transferred to other institutions in an effort to dissuade him from filing this case.  However, he states explicitly that those transfers would be the subject of a different lawsuit, so the complaint cannot be fairly read to encompass that claim.  He also asserts that less than sixty days after he filed a grievance about the way in which his legal materials were being treated, he was, in retaliation for having filed that grievance, placed in a disciplinary dormitory, and that the shakedown of August 24, 2009 and the events following that shakedown on August 25, 2009 were also retaliatory.  Defendants Barbee and Reeves were allegedly involved in those latter events, and they did not join the motion

to dismiss, so the Court need not determine at this time if the complaint states a valid retaliation claim against them for those alleged actions.  As to the placement in the disciplinary dormitory, the complaint does not identify any particular person as having been responsible for that decision.  Thus, although some of the actions alleged in the complaint might qualify as actions which would deter a person of ordinary firmness from engaging in protected First Amendment activity, see Bell v. Johnson, 308 F.3d 594 (6th Cir. 2002), because the complaint does not attribute the move to a more restrictive housing facility to any of the defendants who filed the current motion to dismiss, it does not state such a claim against any of them.

    The Court has also considered whether the complaint might state a retaliation claim against defendants Mason and Gilliam, but the complaint does not allege that they had any retaliatory motive tied to Mr. Brown's First Amendment activities, such as filing grievances or lawsuits; rather, it appears that their concern was the amount of property which Mr. Brown possessed and the fact that he was storing a large amount of it in defendant Mason's closet.  Possession of excess materials (or any materials) is not a right protected under the First Amendment and does not constitute constitutionally protected conduct, so the complaint does not state a viable retaliation claim against those defendants as conceptualized by cases such as Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (explaining that the first element of a retaliation claim is that the inmate must have been engaged in constitutionally protected conduct or speech). Thus, there does not appear to be a retaliation claim of constitutional magnitude made against those defendants.

### IV.  Recommendation

    Based on the above discussion, it is recommended that the motion to dismiss (#17) be granted, that plaintiff's motion for

-7-

summary judgment (#19) be denied, and that the motion to stay (#20) be denied as moot.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge