IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANK C. BROWN, JR.,

    **Plaintiff,**

v.

KELLY MASON, et al.,

    **Defendants.**

Case No. 2:10-cv-783

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## OPINION AND ORDER

On January 5, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the motion to dismiss which was filed by eight of the ten named defendants on November 5, 2010, be granted and that Mr. Brown's competing motion for summary judgment be denied. After being granted an extension of time to do so, Mr. Brown filed an objection to the Report and Recommendation on March 15, 2011. Defendants have not responded to the objection. For the following reasons, the objection will be overruled and the motion to dismiss will be granted.

I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b) (1); see also Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

II.

A major part of Mr. Brown's complaint is, as the Report and Recommendation notes, a claim for violations of the First and Fourteenth Amendment right of access to the Courts. The Magistrate Judge has recommended, consistent with a similar recommendation made in *Brown v. Hurwood,* Case No. 10-cv-880 (S.D. Ohio), that these claims be dismissed because the complaint

did not provide enough supporting factual information to make it plausible that Mr. Brown could prevail on the claims. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). Mr. Brown claims that there are facts to support his claims, and that he has suffered identifiable prejudice both to a state court appeal and to a federal habeas corpus action he filed in the United States District Court for the Northern District of Ohio. He argues that he did not supply that information in his complaint because, among other things, there was no place on the form complaint to put it.

Mr. Brown's claim that he was somehow either misled about the need to provide this information, or could not supply it on the form complaint, rings hollow. His complaint in this case is 17 pages long. It is accompanied by a thirteen-page affidavit and over 50 exhibits totaling another 101 pages. He could easily have pleaded facts about his access to the courts claim that would have satisfied the pleading requirements of *Iqbal* and *Twombly* if such facts exist. As it did in *Brown v. Hurwood*, 2011 WL 63591 (S.D. Ohio January 6, 2011), this Court concludes that his complaint is deficient as written because it does not contain enough facts from which the Court could conclude that any of the defendants interfered with Mr. Brown's ability to file a non-frivolous habeas corpus petition, criminal appeal, or action challenging his conditions of confinement.

That does not end the inquiry here, however. In *Brown v. Hurwood*, Mr. Brown attempted to amend his complaint, but was not permitted to do so because the deficiency in his claim was identified as part of the initial screening process, and prisoners may not amend their complaints at that stage of the case. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.1997). The same does not hold true when, as here, a prisoner complaint has survived the initial screening and there is a possibility that any defects in the complaint may be cured by the filing of an amended complaint. Under those circumstances, it is preferable to grant the motion to dismiss with leave to amend. *See Brown v. Matauszak*, 2011 WL 285251 (6th Cir. January 31, 2011) ("generally, '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend'"), *quoting* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1483 (3d ed. 2010). Consequently, although the Court will overrule

the objection as to this portion of the Report and Recommendation and dismiss the access to the courts claim, the dismissal will be without prejudice to Mr. Brown's ability to amend his complaint as to that claim.

III.

The only other portion of the Report and Recommendation to which Mr. Brown objects specifically is the recommended dismissal of his retaliation claim based on his transfer from one dormitory to another within the London Correctional Institution. He characterizes the new dormitory as a "disciplinary dormitory" and insists that he was sent to that dormitory as punishment for exercising his first amendment rights. The Report and Recommendation appears to have assumed that the dormitory in question was some type of restrictive housing facility, but concluded that Mr. Brown's complaint did not identify the person or persons responsible for the transfer.

In his objection, Mr. Brown refers the Court to paragraph 55 of his affidavit attached to the complaint, in which he claims that defendant Mason was responsible for having him moved from "D-Unit, dorm #1 to A-Unit, dorm #2 ...." This move allegedly occurred on December 4, 2009, and was announced on November 30, 2009. Therefore, he disagrees that he did not properly name a defendant on this claim.

In addition to the affidavit, the Court has reviewed the various grievance forms attached to the complaint. There is a grievance filed by Mr. Brown in May, 2009, complaining about a move to C-Unit, but that is much earlier in time than the transfer to A-Unit and involves a different dormitory assignment. There does not appear to be any grievance related to the A-Unit transfer. Although a prisoner plaintiff does not have to prove exhaustion of the grievance process in his initial pleading, such grievances do shed light on the factual basis of the claims being made. For example, the grievances about the C-Unit transfer show that the dormitory in question did not consist of isolation or segregation cells; rather, Mr. Brown's complaint in that instance was that the dormitory was too open and lacked privacy and other amenities he had enjoyed in D-Unit, although he refers to it as a disciplinary dormitory. According to his affidavit, the later transfer happened almost instantaneously upon his retransfer to London from another institution. The complaint itself makes no reference to either transfer, and the Court has not

found any document that describes the conditions in A-Unit, dorm #2.

Retaliation for the exercise of a constitutional right is actionable under 42 U.S.C. §1983 only if the allegedly retaliatory act would deter a person of ordinary firmness from engaging in protected First Amendment activity. *See Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002); *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Court of Appeals has held that even transfer to a different institution, with no change in security level, and with no other aggravating factors, is not the type of occurrence which would deter a person of ordinary firmness from exercising his or her constitutional rights. *See Friedmann v. Corrections Corp. of America*, 11 Fed. Appx. 467 (6th Cir. April 26, 2001); *see also Rittner v. Thrower*, 2007 WL 1072146 (S.D. Ohio April 4, 2007), *adopted and affirmed* 2007 WL 1362518 (S.D. Ohio May 7, 2007)(Sargus, J.). It is even less plausible that a simple transfer from one dormitory to another, so long as the transfer does not result in the segregation or isolation of the inmate, qualifies as the kind of retaliatory action that would satisfy the *Thaddeus-X* test. Thus, no matter which transfer is actually at issue here, the complaint does not state a viable claim for retaliation on that ground.

IV.

For all of the reasons cited in this Opinion and Order, the Court **OVERRULES** the objection (#31) to the Report and Recommendation and **ADOPTS AND AFFIRMS** that Report (#23). The motion filed by defendants Decarlo M. Blackwell, Deb Timmerman Cooper, Leonard Gillam, Roy A. Kelly, Kelly Mason, Russ Parrish, Doug Richard and Curtis Wingard to dismiss (#17) is **GRANTED** and the claims against those defendants are dismissed without prejudice to the filing of an amended complaint, within twenty-eight days, which amends Mr. Brown's claim of denial of access to the Courts. Mr. Brown's cross-motion for summary judgment (#19) and the defendants' motion to stay (#20) are both **DENIED**.

**IT IS SO ORDERED.**

5-3-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**