```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

| | | |
|---|---|---|
| Frank C. Brown, Jr., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:10-cv-0783 |
| Kelly Mason, et al., | : | JUDGE EDMUND A. SARGUS, JR. |
| | | Magistrate Judge Kemp |
| Defendants. | : | |

### REPORT AND RECOMMENDATION
### AND ORDER

Plaintiff, Frank C. Brown, Jr., a state prisoner, filed this civil rights action against a number of defendants employed by the Ohio Department of Rehabilitation and Correction at the London, Ohio Correctional Institution, the facility where Mr. Brown is currently housed. In response to the defendants' initial motion to dismiss, this Court, in an Opinion and Order filed on May 4, 2011, granted the motion to dismiss but permitted Mr. Brown to file an amended complaint providing more detail about his access to the courts claim.

On May 31, 2011, Mr. Brown filed an amended complaint. In it, he details a series of events, beginning with a response to an informal grievance which he received on August 15, 2008, and culminating in an occurrence on March 23, 2009, which, in his view, adversely affected his ability to pursue certain legal claims due to the defendants' confiscation and destruction of his legal materials.

Those defendants who have been served with process answered the amended complaint on June 9, 2011. On September 16, 2011, they moved for summary judgment, asserting that Mr. Brown had waived his right to pursue any of these claims in this Court by virtue of his having filed an identical complaint in the Ohio

Court of Claims.  Mr. Brown opposed that motion and cross-moved for summary judgment.  All of these matters have now been fully briefed.  For the following reasons, it will be recommended that the defendants' motion for summary judgment be granted and that this case be dismissed.  The Court will either dispose of, or make recommendations concerning, a number of other pending motions.

## I.   The Facts

In its prior Report and Recommendation (#23), the Court summarized the facts this way.  Although the summary was based on the initial complaint, the amended complaint does not alter these basic facts, but rather includes some additional information about the cases which Mr. Brown claims were affected by the destruction of his legal materials.

> Mr. Brown's complaint is directed to ten defendants, all employees of ODRC.  His allegations, fairly summarized, begin with Mr. Brown's transfer to the London Correctional Institution in 2008.  He brought with him, or had sent to him from his previous place of confinement, a large volume of legal materials.  For a time, he was allowed to store them in various locations, but when defendant Mason became his unit manager in February, 2009, she began to question why he had such a large amount of material.  On March 23, 2009, she and defendant Gilliam ordered Mr. Brown to remove his excess material from Mason's office, where it had been stored, and when he refused, defendant Gilliam ordered inmate porters to throw it in a trash compactor.  Mr. Brown alleges that after he filed an informal complaint about these actions, he was placed in a disciplinary dormitory.
>
> According to the complaint, several months later, as part of a routine "shakedown" conducted in his dormitory, more of Mr. Brown's legal materials were confiscated, this time by defendants Barbee and Reeves, both corrections sergeants.  He claims that some of it was also thrown away.  He asserts that he filed proper grievances about all of the actions described in the complaint, and that these actions violated his rights under the First, Fifth, Eighth, and Fourteenth

-2-

Amendments to the United States Constitution. He also pleads a claim for infliction of emotional distress.

In their motion for summary judgment, the defendants do not directly take issue with the way in which Mr. Brown has pleaded the underlying facts (although they do not admit them). Rather, they argue that additional facts which they have submitted with their motion provide the basis for summary judgment.

The additional facts are these. As shown by a copy of a complaint which Mr. Brown filed in the Ohio Court of Claims on March 1, 2011, Mr. Brown has pleaded essentially the same factual allegations in that court. Although the Court of Claims complaint is somewhat shorter than the amended complaint filed in this case, the allegations about the key events - those which took place between March 3, 2009 and March 23, 2009, culminating in the alleged loss of legal materials and resulting prejudice to Mr. Brown's pending cases - are identified. Mr. Brown has not disputed that he filed the complaint attached to the motion for summary judgment, so those additional facts - that he filed the complaint, and that it alleges the same conduct as does his complaint in this case - will be taken as true for purposes of ruling on defendants' motion.

## II. Legal Standard

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the

nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motion must be decided.

### III.  Discussion

The State of Ohio has, by statute, enacted a limited waiver of its sovereign immunity from suit.  O.R.C. §2743.02 provides, in relevant part, that

> (A)(1) The state hereby waives its immunity from liability ... and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter ....
>
> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action,

-4-

>based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

The waiver of claims created by §2743.02 applies to suits filed in federal courts under 42 U.S.C. §1983. See Thomson v. Harmony, 65 F.3d 1314, 1318 (6th Cir. 1995), citing Leaman v. Ohio Dept. Of Mental Retardation and Dev. Disabilities, 825 F.2d 946 (6th Cir. 1987).

The language used in Leaman, however, implies that a finding of waiver does not automatically follow from the fact that a plaintiff has filed overlapping cases in federal court and in the Ohio Court of Claims, and suggests that the waiver must be knowing and voluntary in order to be effective. See Leaman, 825 F.2d at 956 (indicating that there should be "an adequate foundation for the finding of voluntariness" with respect to this waiver). The Court of Appeals has further observed that a trial court may not necessarily presume an intelligent and voluntary waiver of rights when the plaintiff is a *pro se* litigant. See Kajfasz v. Haviland, 55 Fed. Appx. 719 (6th Cir. January 15, 2003). This Court, however, has held that if the *pro se* plaintiff is an experienced litigator, it can find that he or she "made an informed choice" by filing suit in the Court of Claims and thereby waiving the right to pursue federal claims in federal court. See Easley v. Bauer, 2008 WL 618642, *3 (S.D. Ohio February 29, 2008) (finding a waiver where the plaintiff was an experienced pro se litigant and had filed at least ten other cases).

Here, defendants assert that Mr. Brown is a very

-5-

experienced litigator, having pursued in excess of thirty cases or appeals in the last five years, over twenty of which involved governmental entities.  Mr. Brown does not dispute that fact, and this Court's records show that he has filed seven cases here in the past few years, with five (including this one) still pending.  There is no question that he is a much more experienced litigator than the average *pro se* party, and the Court has little difficulty in concluding that he was well aware of the consequences of his decision to file suit in the Ohio Court of Claims.

    Mr. Brown's only argument in response to the motion for summary judgment is that the acts he has alleged – the intentional unlawful destruction of his legal materials – are manifestly outside the scope of the duties of the individual defendants, and that they cannot take advantage of the waiver which is created by §2743.02(A).  The language quoted above states that the waiver is void if "the court determines" that the defendants acted manifestly outside the scope of their employment or in a malicious, wanton or reckless manner.  The "court" referred to in this statute is the Ohio Court of Claims, however, and not this or any other court in which similar claims have been asserted.  "The determination of whether a state employee's actions were ultra vires or malicious is to be made exclusively by the Ohio Court of Claims."  <u>Turker v. Ohio Dept. of Rehabilitation and Correction</u>, 157 F.3d 453, 458 (6th Cir. 1998); <u>see also Thomas v. Ohio Dept. of Rehabilitation and Correction</u>, 36 F.Supp.2d 1005, 1008 n.4 (S.D. Ohio 1999). Mr. Brown has not submitted any evidence that the Ohio Court of Claims has made such a ruling.  Therefore, by filing his suit in that Court, he has waived his right to pursue any damage claims against the defendants in this Court, and the

defendants' motion for summary judgment must be granted.

## IV.   Other Motions

There are a number of other motions pending in this case. Some of them fall within the jurisdiction of the Magistrate judge to determine in the first instance. Such motions include Mr. Brown's motion for leave to amend (#38), which is not opposed and will be granted, and his motion for an extension of time (#40), which is now moot and will be denied for that reason. Defendants' motion to compel service (#46) will also be denied, as will Mr. Brown's motion for leave to supplement and to strike (#57). Defendants' motion for an extension of time (#63) is also moot and will be denied.

The other pending motions are all motions which must be finally ruled on by the District Judge because they ask, in one form or another, for some type of interim injunctive relief. Should the Court adopt this Report and Recommendation, all of those motions (including #s 30, 41, 50, and 58) would be moot and should be denied, at least to the extent that they request relief in this case (many of these motions were filed in identical form in both this and other cases brought by Mr. Brown). The same result should apply to Mr. Brown's motion for summary judgment and the defendants' motion to stay discovery pending a ruling on their motion for summary judgment.

## V.   Recommendation and Order

Based on the above discussion, it is recommended that the defendants' motion for summary judgment (#44) be granted and that all of the claims asserted against the individual defendants be dismissed without prejudice to their reinstatement should the Ohio Court of Claims ever determine that the waiver of the claims against those defendants is void. It is further recommended that, if the Court adopts this recommendation and dismisses the case, that the motions filed at ECF #s 30, 41, 50, and 58 all be

denied as moot.  It is further ordered that Mr. Brown's motion for leave to amend (#38) is granted and that Mr. Brown's motions for an extension of time (#40) and for leave to supplement and to strike (#57) are denied.  Defendants' motion to compel service (#46) and their motion for an extension of time (#63) are also denied.

### VI.   Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge