IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

        Plaintiff,

v.

Kelly Mason, et al.,

        Defendants.

Case No. 2:10-cv-783

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## OPINION AND ORDER

In this prisoner civil rights case, which involves a claim by Plaintiff Frank C. Brown, Jr., about destruction of legal materials and interference with his right to access the courts, defendants moved for summary judgment, arguing that Mr. Brown had waived his right to pursue these claims here because he filed a complaint in the Ohio Court of Claims covering the same subjects. In a Report and Recommendation filed on December 28, 2011, the Magistrate Judge recommended that the motion be granted. Mr. Brown has filed three separate documents which appear to be objections to that recommendation (Docs. 75, 78 and 82). Defendants responded to the second of these filings (Doc. 80). For the following reasons, Mr. Brown's objections will be overruled and defendants' motion for summary judgment will be granted.

I.

When objections are received to a report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After such review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1)(C).

II.

Mr. Brown's objections do not take issue specifically with the Report and Recommendation's description of the procedural history of the related Court of Claims litigation, so the Court adopts that part of the Report. In short, Mr. Brown filed not only this case, but a case in the Ohio Court of Claims, dealing with the same issues, namely the events which allegedly occurred between March 3, 2009 and March 23, 2009, which, according to Mr. Brown, resulted in the loss of some of his legal materials and affected his ability to pursue other litigation. Citing to Ohio Rev. Code §2743.02 and case law interpreting that statute, *see, e.g., Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995) and *Leaman v. Ohio Dept. Of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987), the Report and Recommendation concluded that Mr. Brown had waived all of his claims against the defendants in this case. R.C. §2743.02(A) states that the filing of a case in the Ohio Court of Claims is a waiver of any action based on the same facts against "any [State] officer or employee" although a finding by the Court of Claims that the officer or employee acted manifestly outside the scope of that person's employment may void the waiver.

In the first of his three objections, Mr. Brown does not address specifically the issue concerning the waiver created by his filing of the Court of Claims case. He does refer to an order of the Magistrate Judge denying his motion to supplement and to strike, which the Court has also addressed in other orders dealing with recommendations made in other cases filed by Mr. Brown. For essentially the same reasons (i.e. that the motion to supplement and to strike did not specify what supplements Mr. Brown wished to make to his complaint and that his request for *carte blanche* permission to supplement his pleadings found no support in the Rules of Civil

2

Procedure), the Court overrules any objections he has to that portion of the Report and Recommendation.

In his second objection, Mr. Brown makes two arguments against granting summary judgment: that the case should be stayed, rather than dismissed, pending a determination by the Court of Claims as to whether any of the defendants acted manifestly outside the scope of employment, and that due to inadequacies in the law library at the London Correctional Institution, he was not actually aware that by filing suit in the Court of Claims, he was waiving his right to sue the individual prison officials under §1983. The defendants' response addresses this second argument. Mr. Brown's third objection also argues for a stay of this case, and he attached to that objection a document from the Court of Claims indicating that the Court would proceed to an immunity determination for the individuals whom Mr. Brown had identified as being responsible for the loss of his legal materials. The Court will address this issue first.

This Court has learned, from a review of the case information available on the Court of Claims' website, *www.cco.state.oh.us*, that the Court of Claims has set the trial in Mr. Brown's case for October 4, 2012. In that same order, issued on March 8, 2012, the Court of Claims ruled that any immunity determinations would be made at trial. That means that, if the trial is not continued, it will be at least several more months until it will be known whether the waiver created by R.C. §27430.2(A) will be voided as to any defendant named in this case. Because dismissal of this case without prejudice should not affect Mr. Brown's ability to refile the case if any defendant loses his or her immunity as a result of the Court of Claims proceedings, a stay is not warranted.

As to Mr. Brown's second objection, that he was not aware that by filing in the Court of

3

Claims he was waiving his claims against the individual defendants, the defendants' response counters his argument in the following way. First, they contend that because he did not make the same argument in response to their motion for summary judgment, he cannot raise it now. Second, they argue that it could legitimately be inferred from Mr. Brown's litigation experience (he has filed more than thirty *pro se* cases) and the fact that he cited the very same statute in his Court of Claims complaint, that knowledge of the waiver provision may fairly be imputed to him, just as other courts have done under similar circumstances. *See, e.g., Williams v. Smith*, 2006 WL 2192470, *10 (S.D. Ohio Aug, 1, 2006)(Frost, J.), holding that a litigant with "an above-average understanding of the law for a *pro se* litigant" based on his having filed three prior cases and his citation to §2743.02 in his Court of Claims complaint had knowingly waived his claims against the individual defendants by suing the Ohio Board of Nursing in the Court of Claims.

Again, from reviewing the documents available from the Court of Claims' website as well as exhibits submitted by defendants in support of their motion for summary judgment, it is a fair inference that Mr. Brown knowingly waived his claims against the individual defendants by filing suit in the Court of Claims. His complaint, like the complaint in *Williams*, is organized and coherent, and actually quotes almost *verbatim* the immunity language found in §2743.02(A) in the first paragraph of the complaint. That statute voids the individual immunity otherwise granted to state officials once the State is sued in the Court of Claims "if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Paragraph one of Mr. Brown's Court of Claims complaint alleges that "[d]efendants have engaged in conduct which was manifestly outside the scope of their

4

employment or official responsibilities, or their employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Paragraph three of Mr. Brown's complaint alleges that the Court of Claims has jurisdiction pursuant to §2743.02(A)(1), the exact statutory section and subsection where the waiver language appears. It is simply not believable that Mr. Brown did not have access to that statutory section when he prepared and filed his Court of Claims complaint, and also not believable that he was unable to understand its plain meaning. Under these circumstances, the Court finds no merit in his claim that his deliberate action of filing these same claims in the Ohio Court of Claims after he asserted them here - and, in his amended complaint, naming the State of Ohio as a defendant, something he had to do in order to avoid the dismissal of that case - did not constitute a knowing waiver of his right to sue these individuals. Thus, the Court will overrule Mr. Brown's objections and grant the defendants' motion for summary judgment.

III.

For the reasons stated above, Mr. Brown's objections (Docs. 75, 78 and 82) to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. 67) is **ADOPTED AND AFFIRMED**. The defendants' motion for summary judgment (#44) is **GRANTED**. All of the claims asserted against the individual defendants are **DISMISSED WITHOUT PREJUDICE** to their reinstatement should the Ohio Court of Claims ever determine that the waiver of the claims against those defendants is void. This case is **DISMISSED**.

IT IS SO ORDERED.

7-16-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE