```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Frank C. Brown,                   :
                                       Case No. 2:10-cv-0783
    Plaintiff,            :
                                       JUDGE EDMUND A. SARGUS, JR.
  v.                              :    Magistrate Judge Kemp

Kelly Mason, et al.,              :

    Defendants.           :

## REPORT AND RECOMMENDATION

This matter is before the Court to consider Plaintiff Frank C. Brown's motion to reinstate the case. (Doc. #88). Defendants have filed a response. (Doc. #89). For the following reasons, the Court will recommend that the motion be denied.

The important facts are these. Mr. Brown, a state prisoner, filed this case challenging certain actions of prison officials and also filed an indistinguishable case in the Ohio Court of Claims. (Doc. #67). More specifically, Mr. Brown alleged in both cases that certain events took place at London Correctional Institute between March 3, 2009 and March 23, 2009 which caused him to lose some of his legal materials and negatively affected his ability to pursue other litigation.

On July 16, 2012, the Court granted summary judgment in favor of Defendants. In doing so, the Court found that, under O.R.C. §2743.02, Mr. Brown had waived his right to pursue these claims in this Court because he filed the complaint in the Ohio Court of Claims arising from the same law and facts. The Court dismissed all of the claims against the individual Defendants without prejudice to their reinstatement should the Ohio Court of Claims ever determined that the waiver of the claims against those Defendants was void. Consequently, this matter was terminated.

In his motion, Mr. Brown states that the Ohio Court of Claims granted summary judgment to the defendants in that case, a decision that he is appealing. Mr. Brown asserts that the appeal "will add even more delay to this action" so he "is now requesting" this Court to reinstate the instant case and allow him to amend his complaint "to withdraw the claims against the named defendants in their individual capacity." (Doc. #88).

Defendants oppose Mr. Brown's motion, urging that reinstatement in this Court would only be appropriate if the Ohio Court of Claims had determined that the waiver of the claims against them was void. Defendants assert that the Ohio Court of Claims has not made such a determination, and Mr. Brown's attempt to reinstate the case is an attempt to question that court's "determination that there were no genuine issues of material fact in dispute. . . ." (Doc. #89 at 1).

This Court agrees with Defendants. The Court can reinstate Mr. Brown's claims "as if no waiver ever occurred" only if the Ohio Court of Claims determined that Defendants' actions were taken outside the scope of their employment, or with a malicious purpose, in bad faith or in a wanton or reckless manner. See Thomas v. Ohio Dep't of Rehab. and Corr., 36 F. Supp.2d 1005, 1008 n.4 (S.D. Ohio 1999); see also Turker v. Ohio Dep't of Rehab. and Corr., 157 F.3d 453, 458 (6th Cir. 1998)("The determination of whether a state employee's actions were *ultra vires* or malicious is to be made exclusively by the Ohio Court of Claims"). Here, Mr. Brown has failed to present this Court with any evidence suggesting that the Ohio Court of Claims determined that the waiver of the claims against Defendants was void. Accordingly, Mr. Brown has waived the right to pursue any damage claims against the defendants in this Court, and the Court lacks jurisdiction to hear the case. Further, Mr. Brown's willingness to withdraw the claims against Defendants in their individual

capacities does not create viable injunctive claims in this case because the claims for injunctive relief are either moot or were eliminated when the case was dismissed.  For these reasons, it will be recommended that Mr. Brown's motion to reinstate be denied.

Based upon the foregoing, it is recommended that the motion to reinstate be denied.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge